# May v. Carlisle.

*Statement of Account against Administrator by Probate Court.*

1. *Commissions or compensation of administrator; failure to allow.*—
When an account against an administrator is stated and allowed by the
Probate Court in his absence, he failing to appear and file his accounts
and vouchers when required (Code, §§ 2524-26), he can not complain on
error that he was not allowed any commissions or compensation.

APPEAL from the Probate Court of Dallas.

In the matter of the estate of Robert Carlisle, deceased, on
the statement of the accounts of Moody H. May as adminis-
trator. The record shows these facts : On the 1st February,
1879, a petition was filed in said court by S. Carlisle, one of
the distributees of said estate, alleging that letters of admin-
istration on said estate were granted to said M. H. May in
November, 1871 ; that the estate was solvent, and that the
administrator had never made any settlement of his accounts ;
and asking that a citation be issued to him, requiring him to
file his accounts and vouchers for a settlement, or show
cause why he should not do so. Thereupon, the court made
an order for a citation to the administrator, requiring him to
file his accounts and vouchers on or before the 26th Feb-
ruary, 1879 ; and the citation was issued, and was served on
him on the 8th February. On the 26th February, the admin-
istrator appeared, and, on his motion, an order was made
allowing him until the 10th March to file his accounts and
vouchers, and requiring him to file them on or before that
day. On the 10th March, he failing to appear, an order was
made extending the time for the filing of his accounts until
Monday, March 24th, and requiring him to file them on or
before that day. On Friday, March 28th, as the minute-
entry recites, after stating the former orders and proceedings,
the administrator having failed to file his accounts for a settle-
ment, the court proceeded, on motion of the said distributee,
to state an account against the administrator, charging him

[May v. Carlisle.]

with assets to the amount of $4,669.77 ; and an order was made for a citation to the administrator, notifying him that the account had been stated, and that it would be passed and allowed as stated on the 14th April, 1879, unless he then appeared and filed his accounts and vouchers for settlement. The citation was issued on the 28th March, and was served on the administrator on the same day ; and on the day appointed, April 14th, he still failing to appear, the court rendered a final decree against him, stating all the proceedings had in the case, passing and allowing the account as stated, and rendering a decree against the administrator, in favor of each one of the four distributees, for one-fourth of $4,669.71, the amount with which he was charged.   On the 16th of April, the administrator appeared, and moved to set aside the account stated and the decrees rendered against him, but did not file his accounts and vouchers for a settlement ; and this motion, after two continuances, was overruled and refused, "the said May having failed," as the order recites, "to show any reason why his said motion should be allowed."

There is no bill of exceptions in the record.   The appeal is sued out by the administrator, who here assigns as error the statement of the account against him, each of the decrees rendered, the failure of the court to allow him any commissions or compensation, and the overruling of his motion to set aside the proceedings.

W. M. BROOKS, for appellant.

SUMTER LEA, contra.

STONE, J.—We have carefully examined the record in this case, and can not discover any error prejudicial to appellant.   Every step required by the statutes applicable to such proceedings, seems to have been very fully and carefully taken, and every opportunity afforded to the administrator to file his account-current, and have it passed on.   The record shows he disregarded and disobeyed every citation and notice served on him.   After the account was stated, and after it had been regularly audited, and final decrees rendered, he was allowed further time to show cause why the settlement should be opened, and be allowed to file an account, and make settlement.   This he also disregarded, and neither filed an account, nor showed cause why the settlement should be re-opened.

It is contended that the Probate Court erred in not allowing commissions to the administrator.   There is no bill of

[Carlisle & Jones v. Godwin.]

exceptions in the record, and nò action of the court appears to have been excepted to. We can not know that the administrator claimed commissions, or that the attention of the court was ever called to the question. The appellant has put himself in no condition to question the court's rulings in this matter. We think the Probate Court conformed very carefully to all the statute required.—Code of 1876, §§ 2524 et seq.

Affirmed.